# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**RANDY YOUNG,**

    Plaintiff,

v.                                Civil Action No.: 2:23-cv-764
                                         (Kanawha Co. Civ. Action No. 21-C-277)

**WESTERN-SOUTHERN AGENCY, INC.**
**a/k/a WESTERN & SOUTHERN FINANCIAL**
**GROUP, WESTERN-SOUTHERN LIFE**
**ASSURANCE COMPANY a/k/a WESTERN**
**& SOUTHERN LIFE INSURANCE COMPANY,**

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendants Western-Southern Agency, Inc. a/k/a Western & Southern Financial Group, and Western-Southern Life Assurance Company a/k/a Western & Southern Life Insurance Company (collectively "Defendants" or "Western-Southern"), by its counsel, Joseph M. Ward of the law firm of Frost Brown Todd LLP, files this Notice of Removal of the above referenced civil action, based upon federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's Amended Complaint is completely preempted by section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).

## TIMELINESS OF REMOVAL

1.     Plaintiff Randy Young ("Plaintiff") filed a complaint on March 31, 2021, in the Circuit Court of Kanawha County, West Virginia (the "Original Complaint," **Exhibit A**), where it is docketed under Civil Action No. 21-C-277 before Judge Maryclaire Akers.

2. Plaintiff's Original Complaint was based on alleged conduct related to Plaintiff's termination from Western-Southern on April 1, 2019. Based on this conduct, Plaintiff alleged three counts in the Original Complaint – Count I: Tortious Interference with Business Relations; Count II: Intentional Misrepresentation and Fraud; and Count III: Intentional Infliction of Emotional Distress/Outrage.

3. On May 19, 2021, Defendants filed a Motion to Dismiss the Original Complaint, or in the Alternative to Remand for Arbitration, as Plaintiff had previously filed a Petition for Arbitration on March 30, 2020 (the "Petition for Arbitration"), raising other claims related to his termination.

4. One of the claims raised in Plaintiff's Petition for Arbitration was a claim under Defendants' long-term incentive retention plan (the "LTIR Plan," **Exhibit B**). Plaintiff was a participant in the LTIR Plan and claimed that Defendants' failure to pay him benefits pursuant to the Plan upon his termination violated the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-4 ("WPCA"). The Arbitrator issued an Interim Award on February 14, 2022, holding that Plaintiff's WPCA claim for LTIR Plan benefits was beyond the scope of the arbitration agreement and thus, was not arbitrable. The decision became final on March 29, 2022.

5. The next day, on March 30, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint in state court to add a claim that he is entitled to LTIR benefits (the "LTIR claim").

6. On June 10, 2022 – without ruling on the Motion for Leave to Amend the Complaint – the state circuit court granted in part and denied in part Defendants' Motion to Dismiss (**Exhibit C**). It granted the motion to dismiss for failure to state a claim as to the intentional misrepresentation/fraud claim (Count II). It denied the motion to dismiss or remand

to arbitration as to the tortious interference claim (Count I) and intention infliction of emotional distress/outrage claim (Count III).[1]

7. On November 15, 2023, the circuit court granted Plaintiff's Motion for Leave to Amend to add the LTIR claim. (**Exhibit D**). Plaintiff voluntarily dismissed the remaining two counts of the original complaint, Counts I and III, on November 15, 2023 (**Exhibit D)** and the dismissed individual defendant Chris Mattox. Therefore, only the LTIR claim remains in the operative complaint (the "Amended Complaint," **Exhibit E**).

8. This Notice of Removal is timely filed. Typically, the notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(a)(1). However, if the "case stated by the initial pleading is not removable, a notice of removal may be filed *within 30 days after receipt by the defendant . . . of a copy of an* amended pleading, motion, *order* or other paper *from which it may first be ascertained that the case is one which is or has become removable*." *Id.* § 1446(b)(3) (emphasis added).

9. The case stated by the Original Complaint, filed on March 31, 2021, was not removable. The parties were not completely diverse, and none of the claims in the Original Complaint presented a federal question.

10. The circuit court entered an Order granting Plaintiff's Motion for Leave to Amend the Complaint on November 15, 2023, and permitted the filing of the Amended Complaint, which included the LTIR claim. It was not until the entry of this Order that it could "first be ascertained that the case is one which is or has become removable." § 1446(b)(3); *see Sullivan v.*

---

[1] Defendants appealed the June 10, 2022 decision to the Supreme Court of Appeals for West Virginia, challenging the circuit court's failure to remand Counts I and III to arbitration, and the state court proceedings were stayed. Defendants moved for voluntary dismissal of the appeal pursuant to an agreement between the parties, and the Supreme Court of Appeals for West Virginia granted the motion on October 6, 2022. The stay was lifted in state court on November 4, 2022.

*Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion.").

11. This Notice is being filed within 30 days of the state circuit court's order granting Plaintiff's Motion for Leave to Amend and permitting the addition of the LTIR claim, from which it is first ascertained that the case has become removable pursuant to 28 U.S.C. §§ 1331 and 1441, as explained below.

## GROUNDS FOR REMOVAL

### Federal Question Jurisdiction

12. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 based on complete preemption. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)) (footnote omitted).

13. If a state-law cause of action "is completely preempted by federal law," then "removal is proper" pursuant to federal question jurisdiction, 28 U.S.C. § 1331. *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 199 (4th Cir. 2022). In this case, removal is proper because Plaintiff's LTIR claim is completely preempted by section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

14. ERISA section 502(a)(1)(B) completely preempts a state-law claim if (1) the plaintiff has standing under § 502(a) to pursue its claim; (2) the state-law claim falls within the scope of an ERISA provision that the plaintiff can enforce via section 502(a); and (3) the claim is

not capable of resolution without an interpretation of an ERISA-governed employee benefit plan. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017).

15. First, as a LTIR Plan participant, Plaintiff has standing to pursue his LTIR claim. ERISA section 502 "gives plan participants and beneficiaries the right . . . to recover benefits due under [an ERISA-governed] plan, . . . or to enforce rights under . . . the plan." *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 192 (4th Cir. 2002).

16. Second, the LTIR claims falls within the scope of an ERISA provision that the plaintiff can enforce via section 502(a). Plaintiff's LTIR claim is based upon his alleged entitlement to benefits pursuant to Defendants' LTIR Plan, a "Top Hat plan" that is unfunded and provides deferred compensation for a select group of highly compensated individuals. *See Browe v. CTC Corp.*, 15 F.4th 175, 194 (2d Cir. 2021). The "enforcement provisions of ERISA described in [section 502](a) . . . apply to Top Hat plans." *Denzler v. Questech, Inc.*, 80 F.3d 97, 100 n.1 (4th Cir. 1996). Section 502(a)(1)(B) provides that a civil action may be brought "to recover benefits due to [a participant] under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B); *see Metro. Life Ins. Co.*, 481 U.S. at 62 (a suit to recover benefits from a covered plan falls "directly under" ERISA section 502(a)); *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 990 (4th Cir. 1990) (holding that federal question jurisdiction exists pursuant to ERISA "where the issue in dispute is of central concern to the federal statute" (internal quotation marks omitted)).

17. Finally, Plaintiff's LTIR claim cannot be resolved without interpretation of the LTIR Plan. The Amended Complaint alleges that Defendants were "required to pay" and "fail[ed] to pay" vested LTIR benefits upon his termination, and that he is "entitled to" those

benefits. Am. Compl. ¶¶ 95, 101, 102. His right to recover those benefits is dictated by the language of the LTIR Plan.

19. For these reasons, Plaintiff's LTIR claim is completely preempted by ERISA, and "removal is proper" pursuant to 28 U.S.C. § 1441. *Mayor & City Council of Baltimore*, 31 F.4th at 199.

## FILING AND SERVICE OF NOTICE

19. A copy of the Civil Docket from the Circuit Court of Kanawha County is filed herewith as **Exhibit F**.

20. In addition, Defendants have filed a "copy of all process, pleadings, and orders served upon . . . [D]efendants in [the state court] action" as **Exhibit G**. 28 U.S.C. § 1446(a).[2]

21. A copy of this Notice of Removal will be filed with the Circuit Court of Kanawha County, West Virginia.

22. A copy of this Notice of Removal is also being served on counsel of record for the Plaintiff, as reflected in the attached Certificate of Service.

Respectfully submitted,

*/s/ Joseph M. Ward*
Joseph M. Ward (WVSB # 9733)
FROST BROWN TODD, LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
(304) 345-0111 (phone)
(304) 345-0115 (fax)
jward@fbtlaw.com

---

[2] The Defendants' LTIR Plan was incorporated by reference in the Amended Complaint. *See* Am. Compl. ¶¶ 15, 75.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**RANDY YOUNG,**

    Plaintiff,

v.                                                          Civil Action No. 21-C-277
                                                             Kanawha County Circuit Court

**WESTERN-SOUTHERN AGENCY, INC.**
**a/k/a WESTERN & SOUTHERN FINANCIAL**
**GROUP, WESTERN-SOUTHERN LIFE**
**ASSURANCE COMPANY a/k/a WESTERN**
**& SOUTHERN LIFE INSURANCE COMPANY,**

    Defendants.

## CERTIFICATE OF SERVICE

I, Joseph M. Ward, do hereby certify that on this 28th day of November, 2023, a copy of the foregoing ***Notice of Removal*** was forwarded to the following via the Court's electronic filing system and U.S. Mail:

Charles R. Bailey (WVSB #202)
Bailey & Wyant, PLLC
500 Virginia St. E., Suite 600
Charleston, WV 25301

*Counsel for Plaintiff*

                                                    */s/ Joseph M. Ward*
                                                   Joseph M. Ward (WVSB # 9733)