IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RANDY YOUNG,

          Plaintiff,

v.                                       CIVIL ACTION NO. 2:23-cv-00764

WESTERN-SOUTHERN AGENCY, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Western and Southern Life Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 29.) For the reasons set forth below, Defendant's motion is **GRANTED**.

*I.    Introduction*

*A.  Procedural Background*

Randy Young ("Plaintiff") filed the initial complaint in this matter on March 31, 2021, in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1-1.) Plaintiff's Complaint was amended on November 15, 2023. (ECF No. 1-5.) Defendant removed the case to this Court on November 28, 2023, based on federal question jurisdiction under 28 U.S.C. § 1331, asserting that Plaintiff's Amended Complaint was preempted by section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1332(a). (ECF No. 1.)

1

On November 29, 2023, Defendant filed a Motion to Dismiss Amended Complaint, (ECF No. 3), and on December 27, 2023, Plaintiff filed a motion to remand the case to the Circuit Court of Kanawha County. (ECF No. 9.) On September 20, 2024, this Court entered a Memorandum Opinion and Order denying the motions and held that the Long-Term Incentive Retention ("LTIR") plan is completely preempted by ERISA. (ECF No. 24.) Plaintiff subsequently filed a Second Amended Complaint, (ECF No. 28), and Defendant filed a Motion to Dismiss Second Amended Complaint, (ECF No. 29), which is fully briefed and ripe for adjudication.

### B. Factual Background

As alleged in the Second Amended Complaint, Plaintiff worked for Western and Southern for approximately 13 years until his termination on April 1, 2019. (ECF No. 28 at 2.) During his employment, Plaintiff was a participant in Western and Southern's LTIR plan, which provides "cliff-vesting" units to associates who have been with the company for seven years. (*Id.* at 2-3.) By April 2019, Plaintiff had 48 vested units of LTIR benefits which calculate to be $257,472. (*Id.* at 3.) Plaintiff also accumulated 30 units of LTIR benefits, calculated at $160,920, which were set to vest when Plaintiff turned 55-years old. (*Id.*) Plaintiff paid taxes on the vested 48 units, which was automatically deducted from his paychecks. (*Id.*)

Following Plaintiff's termination on April 1, 2019, Defendant did not pay Plaintiff his final paycheck or vested and unvested LTIR benefits. (*Id.* at 4.) Defendant notified Plaintiff that all LTIR benefits were automatically forfeited upon Plaintiff's involuntary and for cause termination under the LTIR plan. (*Id.*) Plaintiff subsequently brought a claim in arbitration against Defendant under West Virginia's Wage and Payment Collection Act to collect his unpaid wages and LTIR benefits. (*Id.*) Plaintiff succeeded in his unpaid wages claim, but the arbitrator ruled

that the LTIR benefits were not within the scope of the arbitration, and he lacked jurisdiction to make determinations regarding the LTIR benefits. (*Id.* at 5.)

After termination, Plaintiff received a claim appeal notice from Defendant that outlined Plaintiff's administrative remedies under the LTIR plan. (ECF No. 34-1.) Per the notice, Plaintiff had the right to appeal the benefits denial decision to the Executive Committee within 60 days of receiving the notice. (*Id.*) Plaintiff did not initiate an appeal but maintains that the exhaustion of any internal administrative remedies regarding the denial of his LTIR benefits would have been futile. (ECF No. 28 at 5.) Plaintiff brings his claims under ERISA § 502(a)(1)(B) to "recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and ERISA § 502(a)(3) to obtain any other appropriate equitable relief. (*Id.* at 5-9.)

## II.    Legal Standard

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, 2019 WL

956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 268 (1986)).

### III.   Discussion

In support of its motion to dismiss, Defendant provides three arguments: (1) Plaintiff's claims for relief under § 502(a) of ERISA are barred by his failure to exhaust internal administrative remedies; (2) Plaintiff's claims for relief under § 502(a) of ERISA are barred by his failure to timely file suit; and (3) Plaintiff is ineligible for the LTIR plan benefits because he was terminated for cause. (*See* ECF No. 29.)

#### A. *Plaintiff's Failure to Exhaust Internal Administrative Remedies*

Defendant argues that Plaintiff's claims are barred because Plaintiff failed to exhaust the internal administrative remedies to appeal his benefits denial. (*Id.* at 7.) Defendant argues that

4

because Plaintiff's LTIR plan is a "top hat" plan, the plan is exempt from particular substantive provisions in ERISA, including ERISA's vesting and funding requirements. (*Id.*) In response, Plaintiff argues that the internal administrative procedure included appealing the decision to Defendant's own Executive Committee, which would only allow Plaintiff to appeal his benefits denial to the same people who denied them in the first place. (ECF No. 32 at 2-3). Therefore, Plaintiff argues, the internal process is unreasonable because the process is biased and any attempt to exhaust the available administrative remedies would have been futile. (*Id.*) Finally, Plaintiff argues that because the futility analysis is a fact intensive inquiry and no such inquiry has occurred, dismissal before the discovery phase "would be improper." (*Id.* at 4.)

"ERISA defines a top hat plan as an unfunded plan that is 'maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.'" *Bond v. Marriott Intern., Inc.*, 637 F.App'x 726, 729 (4th Cir. 2016) (quoting 29 U.S.C. § 1051(2)). These plans "receive a near-complete exemption from ERISA's substantive requirements and are not subject to certain vesting, participation, and fiduciary requirements." *Id.* (internal citations and quotation marks omitted). "In an ERISA action the award of any benefits is governed by the Plan itself." *Wallace v. Holland*, 173 F.3d 853 (4th Cir. 1998) (unpublished opinion). "[A]n ERISA claimant is generally required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." *Wilson v. UnitedHealthcare Ins. Co.*, 27 F.4th 228, 241 (4th Cir. 2022) (internal quotation marks omitted). "The exhaustion requirement means that claimants must follow the Plan's internal procedures for a 'full and fair review' of a plan administrator's denial of a claim for benefits." *Id.* (citing *Makar*

5

*v. Health Care Corp. of Mid-Atlantic (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989). If a claimant alleges that the internal process would have been futile, "[m]ore than bare allegations of futility must be demonstrated, however, as a claimant must come forward with a clear and positive showing to warrant suspending the exhaustion requirement." *Id.* (internal quotation marks omitted).

Here, Plaintiff had the right to appeal his benefit denial to the Executive Committee by making a request in writing within 60 days of receiving his claim appeal notice. (ECF No. 34-1.) As stated in Plaintiff's claim appeal notice, which was dated April 29, 2019, an "appeal is required before a claim can be reviewed by a court." (*Id.*) Plaintiff failed to make an appeal request within the required 60-day window, a fact not disputed by Plaintiff. However, Plaintiff argues that the exhaustion of any internal administrative remedies regarding the denial of his LTIR benefits would have been futile and dismissal is improper at this stage. (ECF No. 28 at 5.)

There is no binding precedent that a case must proceed to discovery when a plan beneficiary raises futility. The Fourth Circuit has upheld district court decisions where a finding on futility was made at the motion to dismiss stage. *See Hickey v. Digital Equipment Corp.*, 43 F.3d 941, 945 (4th Cir. 1995) (holding at the motion to dismiss stage that "[a]lthough appellants allege that 'the remand [to the Committee] was a mere formality if not a charade,' [] they have not made the 'clear and positive' showing of futility required to circumvent the exhaustion requirement.") In fact, one of the courts that Plaintiff cites for authority on futility found at the motion to dismiss stage that a plaintiff did not make a "clear and positive showing of futility." *Simmons v. Pilgrim*, 2010 WL 4683745 at \*5-6 (N.D. W. Va., Nov. 10, 2010). Here, Plaintiff's argument that exhausting the administrative remedies would have been futile because the same

6

party is conducting the review is conclusory and a bare allegation that does not make a "clear and positive showing to warrant suspending the exhaustion requirement." *Wilson*, 27 F.4th at 241. Plaintiff failed to exhaust his internal administrative remedies and thus the action before the Court is improper.

### B. Plaintiff's Failure to Timely File Suit

Defendant argues that Plaintiff's claims for relief are also barred by Plaintiff's failure to timely file suit. (ECF No. 30 at 9-10.) In opposition, Plaintiff argues that Defendant does not cite any legal authority as to why the six-month deadline in the termination notice should control over any applicable statute of limitations. (ECF No. 32 at 5.) Plaintiff also argues that the six-month period wouldn't even start until a decision was rendered following the internal appeal process. (*Id.*)

As stated in the claim appeal notice, claims or suits arising out of the plan may not be commenced more than six months after the initial claim decision *or* the Executive Committee's decision on appeal. (ECF No. 34-1.) "There is no specific federal statute of limitations governing claims for benefits under an ERISA plan." *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir. 2000) (internal citation omitted). "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105-06 (2013). Plaintiff does not argue that the six-month period is unreasonable, nor does he provide an applicable statute of limitation that would control. Additionally, Plaintiff's argument that the six-month period did not start because an appeal decision wasn't rendered is unpersuasive. As

stated in the claim appeal notice, the six-month window to file suit follows the later of the initial claim decision *or* the decision on appeal. (ECF No. 34-1.) Plaintiff's initial suit was not filed until March 31, 2021, which far exceeds the six-month window. (ECF No. 1-1.) Plaintiff's interpretation of the appeal window language would also lead to an absurd result of allowing Plaintiff to file suit at *any* time in the future because Plaintiff never filed an internal appeal in the first place. Therefore, Plaintiff did not timely commence this suit and is barred from relief.

### C. Plaintiff's LTIR Benefits Eligibility

Defendant further argues that even if Plaintiff's claims were properly brought before the Court, Plaintiff's for cause termination rendered him ineligible for the benefits he is seeking. (ECF No. 30 at 10.) In opposition, Plaintiff argues that he is entitled to his benefits as a matter of law because vested benefits are "forever unalterable" and thus "non-forfeitable." (ECF No. 32 at 5-6.) Plaintiff also argues for equitable relief under a theory of unjust enrichment. (*Id.*)

Section 4.7 of the LTIR plan states that "[t]he contingent right of a participant or beneficiary to receive future payments hereunder with respect to both vested and nonvested performance units shall be forfeited . . . if the participant is involuntarily terminated from employment for cause by the company or any affiliate." (ECF No. 23 at 9.) "In an ERISA action the award of any benefits is governed by the Plan itself." *Wallace*, 173 F.3d at 853.

Plaintiff was involuntarily terminated for cause, so Section 4.7 is applicable here. (ECF No. 29-1.) In support of his argument, Plaintiff cites *Bellon v. PPG Employee Life and Other Benefits Plan*, which states that ERISA defines the term "vested" as "nonforfeitable" and "forever unalterable." 41 F.4th 244, 252 (4th Cir. 2022). As the Fourth Circuit notes in *Bellon*, under ERISA, there are typically "strict vesting requirements for some employee benefit plans,

particularly pension plans." *Id.* However, as previously noted, top hat plans, such as the plan here, "are exempted from ERISA vesting, participation, and funding requirements." *Plotnick v. Computer Scis. Corp. Deferred Comp. Plan for Key Execs.*, 875 F.3d 160, 164 n.4 (4th Cir. 2017). For the proposition that there are strict vesting requirements under ERISA, the *Bellon* court cites 29 U.S.C. § 1053, which falls within "part 2" of the ERISA code. *Bellon*, 41 F.4th at 252. Under 29 U.S.C. § 1051(2), top hat plans are explicitly exempted from part 2. *Bellon* did not overrule *Plotnick*, and the statutory language is clear that top hat plans are excluded from ERISA's strict vesting requirements. Therefore, Plaintiff's argument that vested units are non-forfeitable and he is owed the benefits as a matter of law is unpersuasive. Additionally, Plaintiff's unjust enrichment theory of equitable relief is inapplicable because "[a] plaintiff alleging unjust enrichment can get a monetary remedy under ERISA *only if* she seeks specific funds that are *wrongfully* in the defendant's possession and *rightfully belong to her*." *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 502 (4th Cir. 2023) (emphasis added). As discussed, the funds do not rightfully belong to Plaintiff because they were forfeited under Section 4.7 of the LTIR plan, so unjust enrichment does not apply.

### D. Exhibit Attachment

Finally, Plaintiff argues that Defendant improperly attached and relied upon exhibits in its motion to dismiss, which cannot be considered without converting Defendant's motion into a motion for summary judgment. (ECF No. 32 at 7-8.) In opposition, Defendant argues that because the LTIR plan, termination notice, and arbitration award are integral to Plaintiff's second amended complaint, the summary judgment conversion rule does not apply.

Plaintiff is correct that typically, "[i]n resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." *Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). However, as Plaintiff also notes, a court may consider a "written instrument" attached as an exhibit to a pleading, as well as "documents" attached to the motion to dismiss, so long as they are "integral to the complaint and authentic." *Id.* (internal quotation marks omitted). Additionally, a "'complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Danik v. Hous. Auth. of Baltimore City*, 396 F.App'x 15, 16 (4th Cir. 2010) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The first attachment that Plaintiff alleges is improperly attached and relied upon is the termination notice, which is attached as Exhibit A to Defendant's motion to dismiss. (ECF No. 32 at 7; 29-1.) Plaintiff argues that his "termination has little to do with Plaintiff's ultimate entitlement to his LTIR Benefits – the subject of his complaint." (ECF No. 32 at 7.) In his Second Amended Complaint, Plaintiff references his termination in both counts and in the factual background section. (*See* ECF No. 28.) Despite Plaintiff's claim, his termination has everything to do with his benefits entitlement. Had Plaintiff not been involuntarily fired for cause, which precluded him from receiving benefits under the plan, Plaintiff would not have commenced this suit in the first place. The termination notice is clearly integral to Plaintiff's Second Amended Complaint.

The second attachment that Plaintiff alleges is improperly attached and relied upon is the arbitration interim award, which is attached as Exhibit C to Defendant's motion to dismiss. (ECF

10

No. 32 at 7; 29-3.) Pursuant to Rule 12(d), a motion under Rule 12(b)(6) does not need to be converted to a motion for summary judgment if the matter outside the pleading is "excluded by the court." Fed. R. Civ. P. 12(d). The Court did not utilize the interim award in making this decision and excludes the attachment from consideration.

The third attachment that Plaintiff alleges is improperly attached and relied upon is the LTIR plan, which was filed under seal. (ECF No. 32 at 8; 22.) In his Second Amended Complaint, Plaintiff directly references terms of the LTIR plan in both counts and otherwise references the LTIR plan dozens of times. (ECF No. 28 at ¶¶ 37, 50.) Plaintiff's Second Amended Complaint incorporates the LTIR plan by reference, which is clearly integral to the basis of Plaintiff's entire Second Amended Complaint.

Finally, the fourth attachment that Plaintiff alleges is improperly attached and relied upon is a testimony excerpt from the arbitration proceedings, which is attached as Exhibit D to Defendant's motion to dismiss. (ECF No. 32 at 8; 29-4.) The Court did not utilize the excerpt in making this decision and excludes the attachment from consideration.

### IV. Conclusion

For the above-mentioned reasons, Plaintiff does not state a plausible claim for relief. Defendant's Motion to Dismiss Second Amended Complaint, (ECF No. 29), is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 23, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE